# IN THE COURT OF APPEALS OF IOWA

No. 18-1472
Filed June 5, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CARL JOHN MEYERS, JR.,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

Following a guilty plea, Carl Meyers appeals his sentence. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Carl Meyers Jr. entered an *Alford* plea[1] to lascivious acts with a child, in violation of Iowa Code section 709.8(1)(a) (2018). The district court sentenced Meyers to a prison term not exceeding ten years. The court also stated:

> The Defendant shall make victim restitution as ordered in future court orders. The State shall have 30 days in which to file a statement of pecuniary damages. The Defendant shall make restitution for the costs of this prosecution. Pursuant to Iowa Code section 815.9, the Defendant shall pay the attorney fees of his court-appointed attorney…in the amount of $150. Judgment for those attorney fees is hereby entered in favor of the State of Iowa and against the Defendant.
> . . . .
> Consistent with the above restitution requirement, the costs of these proceedings are taxed against the Defendant.

On appeal, Meyers contends he "was ordered to pay court costs without any showing that he had the reasonable ability to repay those obligations." In his view, the district court "had an affirmative obligation to preemptively make a determination regarding his reasonable ability to pay restitution (court costs, attorney fees, jail room and board, etc.) before issuing a plan of restitution."

The Iowa Supreme Court recently prescribed the proper procedure for considering a defendant's reasonable ability to pay. *See State v. Albright*, 925 N.W.2d 144, 158–61 (Iowa 2019). Pursuant to *Albright*, we vacate the portion of the sentencing order addressing restitution and remand the case to the district

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

court to impose restitution consistent with the opinion.  *See*, *e.g.*, *State v. Crawford*, ___ N.W.2d ___, ___, 2019 WL 1868195, at \*1 (Iowa 2019).

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**